UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5496 PSG (MRWx) | Date | October 25, 2016 |
|---|---|---|---|
| Title | Christiana Plata v. Target Corporation, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order DENYING Motion to Remand

Before the Court is Plaintiff Christiana Plata's motion for an order remanding this action to state court. Dkt. # 8. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES Plaintiff's motion.

I.   Background

Plaintiff Christiana Plata is a California resident who was hired by Defendant Target Corporation as a cashier in November 2012. *Complaint* ("*Compl.*"), Dkt. # 1, Ex. A, ¶ 15. Defendant is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. *Notice of Removal* ("*NOR*"), Dkt. # 1, ¶ 6.

On or about April 5, 2015, Plaintiff injured her arm and shoulder while working at Defendant's West Covina store. *Compl.* ¶¶ 15, 20. After the injury, Plaintiff's doctor recommended that she lift no more than 10 pounds or lift her arms above her shoulders. *Id.* ¶ 16. Plaintiff alleges that she told her supervisors about these limitations, but her supervisors nonetheless assigned her to tasks that required her to violate these restrictions. *Id.* ¶¶ 15-17. Plaintiff also alleges that Defendant shortened her hours in retaliation for Plaintiff's complaints about Target's lack of accommodations. *Id.* ¶ 18. Plaintiff ultimately resigned from her position in November 2015. *Id.* ¶ 20.

On July 21, 2016, Plaintiff brought this action in the Superior Court of California, County of Los Angeles. *See generally Compl.* The Complaint asserts seven state law causes of action for violations of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940 *et seq.*, and constructive wrongful termination in violation of public policy. *Id.* On June 13, 2016, Defendant removed the action to this Court on the basis of diversity jurisdiction. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5496 PSG (MRWx) | | Date | October 25, 2016 |
|---|---|---|---|---|
| Title | Christiana Plata v. Target Corporation, *et al.* | | | |

*NOR.* Plaintiff now moves to remand, claiming that the amount in controversy does not exceed $75,000. *Motion for Order Remanding Action to State Court* ("*Mot.*") 1:14.

II.     Legal Standard

Federal courts are courts of limited jurisdiction. *See Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a strong presumption against removal jurisdiction, so the party seeking removal always has the burden of establishing that removal is proper. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). Removal must be rejected if there is any doubt as to the propriety of removal. *See id.* (citing *Gaus*, 980 F.2d at 566).

When it is not evident from the face of the complaint that damages exceed $75,000, a defendant must prove by a preponderance of the evidence that the jurisdictional threshold is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). However, "when a complaint filed in a state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). That is, "[i]n measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012). A defendant may rely on facts in the removal petition and "summary-judgment-type evidence" relevant to the amount in controversy. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). Conclusory allegations that the amount in controversy is satisfied are insufficient. *Id.*

III.     Discussion

Under 28 U.S.C. § 1332, for the Court to properly have subject matter jurisdiction based on the diversity of the parties, all plaintiffs must be from different states than all of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5496 PSG (MRWx) | Date | October 25, 2016 |
|---|---|---|---|
| Title | Christiana Plata v. Target Corporation, *et al.* | | |

defendants and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. Plaintiff contends that removal was improper in this case because Defendant has failed to establish the amount in controversy requirement. *See Mot.* 1:14. Specifically, Plaintiff argues that (1) the Complaint contains a typographical error that overstated her damages, and (2) it is unlikely that Plaintiff's damages will exceed $75,000. *See generally, Mot.* The Court finds Plaintiff's arguments unavailing and DENIES Plaintiff's motion.

    A.    <u>Typographical Error</u>

In the state court Complaint, Plaintiff alleges that she seeks damages in an amount "no less than $250,000." *See Compl.* ¶ 20. Plaintiff argues that her counsel inadvertently included the $250,000 demand in the Complaint when, in fact, Plaintiff only intended to seek damages "no less than $25,000." *See Perez Decl.*, ¶ 3 ("I meant to allege that Plaintiff seeks 'no less than $25,000' and accidently typed it as '$250,000.'").[1]

Even assuming Plaintiff's explanation is true, such a mistake does not overcome the presumption that the amount in controversy is met. *See Perez*, 2016 WL 5477990, at *2. "[W]hen a complaint filed in a state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino*, 506 F.3d at 699; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 296 (1938) ("On the face of the pleadings petitioner was entitled to invoke the jurisdiction of the federal court and a reduction of the amount claimed after removal, did not take away that privilege."). Thus, the only question before the Court is whether Plaintiff can establish to a legal certainty that damages will not exceed $75,000. *See Perez*, 2016 WL 5477990, at *2 (citing *Gugliemino*, 506 F.3d at 699).

    B.    <u>Plaintiff's Requested Damages</u>

Plaintiff's complaint seeks "compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits" as well as "special damages"

---

[1] Curiously, this is not the first time that counsel at the Law Offices of Ramin R. Younessi have claimed typographical error in federal court. *See Perez v. Hermetic Seal Corp.*, No. CV 16-05211 BRO (FFMx), 2016 WL 5477990, at *2 (C.D. Cal. Sept. 27, 2016). In a different employment discrimination case before Judge Reid O'Connell, the same counsel argued that a typographical error in the state court complaint had led Plaintiff to misstate the amount in controversy. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5496 PSG (MRWx) | Date | October 25, 2016 |
|---|---|---|---|
| Title | Christiana Plata v. Target Corporation, *et al.* | | |

and "general damages for mental pain and anguish and emotional distress and loss of earning capacity." *Compl.* 20:8-11. Plaintiff has not stipulated to an amount in controversy less than the jurisdictional limit. Thus, the Court will examine each category of damages in turn to determine whether it is possible that damages will exceed $75,000.

First, Plaintiff argues that her economic damages are $0 because she successfully mitigated damages by finding new employment after she left her job at Target. *Mot.* 12:1-8. Plaintiff's $0 estimate represents $6,303.60 in lost wages from Target and $7,530 in post-termination earnings that offset the lost wages. *Id.* Defendant argues that economic damages are "in excess of $20,000 because Plaintiff also seeks injunctive relief compelling reinstatement to her position at Target." *Opp.* 6:18-20; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996) (calculating amount in controversy based on an injunction). Defendant's calculation assumes that Plaintiff would remain in the position for two years, and earn $9,640 in wages and additional compensation in benefits and future increases in pay. *Id.* 6:17-7:16. Plaintiff has the better of this argument. Courts have declined to factor in the value of an injunction in employment cases where the cost of reinstating a plaintiff would be offset by the value of plaintiff's services. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (2002). Therefore, the Court uses Plaintiff's estimate of $0 to estimate economic losses. The Court does so despite recognizing that compensatory damages could be higher at trial, given that Plaintiff has also asserted an unspecified amount of medical damages. *See Compl.* ¶ 26; *Simmons*, 209 F. Supp. 2d at 1032 ("[T]he court thus assumes plaintiff will be awarded some amount of medical damages, however slight.").

Next, Plaintiff seeks emotional distress damages. "Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes." *See Sasso v. Noble Utah Long Beach, LLC*, CV 14-9154 AB (AJx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015). "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Defendant cites to a number of jury verdicts where lost wages were low, yet emotional distress damages were high. *See Opp.* 8:15-22, 9:1-18; *see also Hurd v. Am. Income Life Ins.*, No. CV 13-5205, RSWL (MRSx), 2013 WL 5575073, at *7 ("Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum.").

Although two of the three jury verdicts that Defendant provides are from factually distinguishable cases, the Court finds *Amigon v. Cobe Color Cosmetics* sufficiently similar to warrant comparison here. In *Amigon*, plaintiff alleged wrongful termination stemming from her employer's failure to preserve her position after she returned from maternity leave. *See Visosky*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5496 PSG (MRWx) | | Date | October 25, 2016 |
|---|---|---|---|---|
| Title | Christiana Plata v. Target Corporation, *et al.* | | | |

*Decl.*, Ex. B, *Amigon*, No. BC378685 (Cal. Super. Ct. Apr. 15, 2009). The case is factually similar because the *Amigon* plaintiff alleged only disability discrimination, could not point to inflammatory statements by supervisors, and ultimately claimed only $1000 in lost wages. In *Amigon*, the jury awarded damages for emotional distress in the amount of $25,000. *Id.* Although Plaintiff urges the Court to not rely on such a "tiny sampling" of cases, it is well established that courts can use cases as guideposts for the amount in controversy. *See Cain*, 890 F. Supp. 2d at 1250. The Court finds the *Amigon* estimate reasonable given its factually analogous circumstances and its congruence with other similar cases, which have awarded plaintiffs even higher amounts. *See, e.g.*, *Hankins v. El Torito Restaurants*, No. 355856, 1994 WL 1030295 (July 1994) (awarding $80,000 in pain and suffering for a single incident of disability discrimination toward a restaurant patron); *EEOC v. Target Stores*, No. CV 9-963, 2011 WL 6010563 (C.D. Cal. July 21, 2011) (approving a settlement for $160,000 where Target refused to accommodate plaintiff's cerebral palsy by providing a job coach and subsequently reduced plaintiff's hours worked). Taking *Amigon* as an appropriate guidepost, the Court finds it possible that Plaintiff could obtain $25,000 for emotional distress damages.

Further, Plaintiff seeks an unspecified amount in punitive damages. *See Compl.* ¶ 20. Plaintiff's claims arise under California's FEHA, which allows for an award of punitive damages, so including punitive damages in the amount in controversy is appropriate. *See Simmons*, 209 F. Supp. 2d at 1033; *see also Sasso*, 2015 WL 898468, at *6 ("'It is well established that punitive damages are part of the amount in controversy' for purposes of establishing diversity jurisdiction." (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001))). As with the calculation of emotional distress damages, jury verdicts in similar cases are an important factor in assessing the amount of punitive damages. *See Surber v. Reliance Nat'l Idem Co.*, 110 F. Supp.2d 1227, 1232 (N.D. Cal. 2000) ("In order to establish probable punitive damages, a party asserting federal diversity jurisdiction may introduce evidence of jury verdicts in cases involving analogous facts."). Defendant provides jury verdicts in analogous employment discrimination cases that show punitive damage awards of at least $50,000. *See Visosky Decl.*, Ex. D, *Alexa Romero v. Leon Max Inc. d/b/a MaxStudio.com and Marcia Kaye*, No. BC400145 (Cal. Super. Ct. Nov. 2, 2009) (awarding $50,000 in punitive damages and $6,359 in economic damages); *Visosky Decl.*, Ex. B, *Amigon v. Cobe Color Cosmetics* No. BC378685 (Cal. Super. Ct. Apr. 15, 2009) (awarding of $52,000 in punitive damages and $1000 in economic damages). Accordingly, the Court finds it possible that Plaintiff could obtain a $50,000 punitive damages award.

Finally, Plaintiff seeks attorneys' fees under Cal. Gov't Code § 12965(b). *See Compl.* ¶ 20; § 12965(b) ("[T]he court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees."). Although

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5496 PSG (MRWx) | Date | October 25, 2016 |
|---|---|---|---|
| Title | Christiana Plata v. Target Corporation, *et al.* | | |

there is a disagreement among courts as to whether the court should include attorneys' fees incurred after removal in its calculation, *see Fortescue v. Ecolab Inc.*, No. CV 14-0253 FMO (RZx), 2014 WL 296755, at *3, the disagreement is insignificant here because it is undisputed that Plaintiff incurred at least some fees before the case was removed.

Thus, after aggregating Plaintiff's emotional distress damages of $25,000, punitive damages of $50,000, and attorneys' fees in some amount, the Court finds that Plaintiff's damages may exceed $75,000. Accordingly, the Court finds that the amount in controversy requirement is met and subject matter jurisdiction is satisfied over this action.

IV.     Conclusion

For the foregoing reasons, the Court concludes that Defendant properly removed this matter pursuant to 28 U.S.C. § 1332. Accordingly, the Court DENIES Plaintiff's motion to remand.

**IT IS SO ORDERED.**